### GUTFREUND v. STANDARD LIFE & ACCIDENT INS. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

1. JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.

In an action on an accident policy insuring plaintiff against loss by reason of liability for damages resulting from plaintiff's negligence in the use of horses and vehicles, a judgment against plaintiff and others in an action against them as partners, by one sustaining injuries through negligence in the management of a horse and vehicle, was not res judi-

cata on the question of plaintiff's copartnership with his codefendants in such action.

2. SAME.

Nor was such judgment res judicata as between the parties to the present action on the question whether or not the horses belonged to plaintiff or to him and his codefendants in the action for negligence.

Appeal from City Court of New York, Trial Term.

Action on an accident policy by Sigmund Gutfreund against the Standard Life & Accident Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed.

Plaintiff was sued by one Henry Basserman for damages alleged to have been sustained by him on May 2, 1899, at which time the policy was admittedly in force, through plaintiff's negligence in the management of the horse and vehicle used in his business. In that action Basserman sued the plaintiff and Hugo Gutfreund and Arnold Gutfreund jointly as copartners, and obtained a judgment against them jointly for $1,138.62. Notice of the bringing of that suit against the plaintiff and the other codefendants was given by the plaintiff to this defendant, as provided by the terms of the policy, and this defendant by its own counsel defended that suit.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Samuel P. Goldman, for appellant.

William A. Jones, Jr., for respondent.

SCOTT, P. J. I do not think that the judgment in the action of Basserman v. Gutfreund was res adjudicata upon the question of this plaintiff's copartnership with his brothers. Certainly that judgment can have no more binding force between Sigmund Gutfreund and the present defendant than it would have between Sigmund Gutfreund and his brothers, who were codefendants in the Basserman action, and it seems to be well settled that the Basserman judgment would not be res adjudicata between the defendants therein on the question of their liability, as between themselves, to pay the judgment. Neither·is it, in my opinion, res adjudicata as between the parties to this action on the question whether or not the horse belonged to plaintiff or to him and his brothers as partners. The plaintiff should therefore have been allowed to show that it was his horse that injured Basserman, and that he alone was liable for the judgment, which he alone paid.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.